UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15CV-P606-TBR

**JOSEPH, MERE MORTAL MAN**                                                                          **PLAINTIFF**

**v.**

**UNITED STATES CORPORATION** *et al.*                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, identifying himself as "Joseph, mere mortal man," initiated the instant *pro se* action by filing a motion for declaratory judgment (DN 1) against the "United States Corporation" and "Commonwealth of Kentucky Corporation." He also filed a "Motion In Forma Pauperis" (DN 2). On July 30, 2015, the Court denied the motion for *in forma pauperis* status and ordered Plaintiff to either pay in full the $400.00 filing fee or to file a fully completed Court-supplied, non-prisoner application to proceed without prepayment of fees and affidavit within 30 days. The Court warned Plaintiff that failure to comply in the time allotted would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case.  Therefore, the action is subject to dismissal.

      Moreover, Plaintiff's initiating document, the motion for declaratory judgment, states in the caption, "418.015 No written pleadings required – Judgment."  The body of the filing states in full as follows:

> "The motion may be heard and determined upon or without written pleadings, and Judgment shall be given according to law and the rules of equity.  Joseph is filing this motion without pleadings."
>
> This is Not a Civil Action or Complaint, just a simple motion for Declaratory Judgment only, the court and administrator are requested to issue a written rulings to define the duties, rights and obligations of the above named parties and their instruments, nothing else is requested or required at this time.

(Emphasis by Plaintiff omitted.)

      While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant

was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff wholly fails to state the grounds for seeking relief against Defendants.  Therefore, the complaint will be dismissed for failure to meet the pleading standards of Rule 8(a).

Finally, to the extent Plaintiff seeks a declaratory judgment, Plaintiff fails to establish a jurisdictional basis for this action.  Title 28 United States Code § 2201(a) provides in part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought."  However, the Declaratory Judgment Act is procedural in nature and cannot serve as an independent basis for conferring subject matter jurisdiction.  *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he Declaratory Judgment Act is not an independent source of federal jurisdiction . . . .").  It enlarges the range of remedies available in federal courts, but it does not create or expand the scope of subject matter jurisdiction.  *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only.  Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.") (quotation omitted); *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 575 (6th Cir. 2002) ("It is well-settled that the Declaratory Judgment Act cannot serve as an independent basis for federal subject matter jurisdiction.").  A party may invoke the Declaratory Judgment Act only if the court already has jurisdiction.  *See Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) ("[B]efore invoking the Act, the court must have jurisdiction already.").  The initiating document

fails to establish this Court's subject matter jurisdiction over the matter. The action will therefore be dismissed for lack of subject matter jurisdiction as well.

      The Court will enter a separate Order dismissing the action for the reasons stated.

Date:


cc:     Plaintiff, *pro se*
4413.010